*cc: bmk*
*no payment*

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 24 2016

at _5_ o'clock and _40_ min. _P_ M
SUE BEITIA, CLERK

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF HAWAII

|  |  |
|---|---|
| PAMELA A. SWEENEY and<br>PATRICK S. SWEENEY,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>HYATT CORPORATION dba GRAND<br>HYATT KAUAI RESORT& SPA,<br>JOHN DOES 1-10; JANE DOES 1-10;<br>DOE CORPORATIONS 1-10; DOE<br>PARTNERSHIPS 1-10,<br><br>　　　　　Defendants.<br>_____ | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

CIVIL NO. CV16 00143BMK

(Other Non Vehicle Tort)

COMPLAINT

ORIGINAL

---

## COMPLAINT

**COMES NOW**, Plaintiffs, Pamela A. Sweeney ("Pamela") and Patrick S.

Sweeney ("Patrick") (collectively the "Plaintiffs"), and hereby state their claims

for relief against the above-named defendants as follows:

### PARTIES

1. At all times relevant herein, PAMELA and PATRICK were

residents/citizens of the City of Fitchburg, in Dane County, State of Wisconsin.

2. At all times relevant herein, Defendant Hyatt Corporation d/b/a Grand

Hyatt Resort & Spa ("Defendant") was and is a business entity doing business in the State of Hawaii, located in Koloa, Hawaii and is a citizen of Illinois.

## JURISDICTION AND VENUE

3. Jurisdiction is asserted pursuant to 28 U.S. Code Section 1332, Diversity of Citizenship, inasmuch as the parties are citizen of different states and the amount in controversy exceeds $75,000.00. Venue is proper pursuant to 28 U.S. Code Section 1391 inasmuch as Defendant is a business entity doing business in the State of Hawaii, located in Koloa, Hawaii and all incidents described herein took place in the State of Hawaii, within the jurisdiction of the United States District Court, District of Hawaii.

4. Defendants JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10 and DOE PARTNERSHIPS 1-10 (hereinafter referred to as "Doe Defendants") are persons, corporations, partnerships, and business entities, who acted in a negligent, wrongful or tortious manner which proximately caused or contributed to injuries and damages sustained by Pamela and suffered by Patrick. Plaintiffs have been unable to ascertain the names and identities of the above-named Doe Defendants from the investigation that has been conducted to date. Accordingly, Plaintiffs have sued the unidentified Doe Defendants herein

with fictitious names and Plaintiffs will substitute the true names, identities, capacities, acts and/or omissions of the Doe Defendants when the same are ascertained in accordance with Federal Rules of Civil Procedure Rule 15.

## GENERAL ALLEGATIONS

5. Hyatt is an international conglomerate operating hotels and resorts throughout the world. They specifically operate the Grand Hyatt in Kauai Resort & Spa in Koloa, Hawaii.

6. At all times relevant herein, Defendant, designed and maintained a pool area (hereinafter the "Pool Area") located on the subject premises.

7. At all times relevant herein, Defendant, by and through its employees, agents, and/or consultants, knowingly and intentionally, owned, maintained, operated and supervised the Pool Area on the subject premises.

8. Defendants herein are vicariously liable for the negligence of their employees and/or agents acting within the course and scope of their employment under the doctrine of *respondeat superior.*

## COUNT I

### Negligence – (Premises Liability)

9. The incident complained of hereinafter occurred on or about March 25, 2014. The incident complained of took place on the grounds of the Grand Hyatt Resort located at, Kawaii, Hawaii (the "Subject Premises").

10. On the morning of the 25th of March, 2014 Pamela and her daughters Kerry Sweeney and Erin Sweeney were looking for lounge chairs around the Pool Area. Pamela noticed some chairs on the opposite side of the Pool Area and she proceeded to walk over to the area where she saw some empty lounge chairs.

11. As Pamela was walking over to these chairs she stepped into an open hole and fell very hard. And she was unable to get up on her own power. A man and a woman rushed over to help her and they pulled her up and laid her on a lounge chair.

12. The woman went and alerted a Defendant's employee, who cleaned her wounds and brought Pamela ice to reduce the immediate swelling. Both of Pamela's knees and elbows and hands were scraped and bleeding. The Defendant's employee kept bringing her ice and watched over her for a long time.

13. Wondering how Pamela could have fallen so hard, Erin and Kerry looked around the area where she fell. There was a "landscape mulched area" around a shrubbery cluster where the mulch had washed away or had been removed or naturally receded leaving an open hole.

14. That evening Pamela flew back to California and while on the plane she experience substantial pain leading her to believe she had suffered internal injuries to her wrists and both knees. Pamela was experiencing chronic pain in her knees and wrists.

15. The Defendant made an accident report which was purportedly sent to their corporate claim department.

16. It took about 8 weeks for Pamela's scraps, bruising, swelling and pain in her wrists and her right knee to heal. However, as time went by, the pain in her left knee was not healing and in regards to that joint she remained in chronic pain. Moreover, the pain in her left knee was not only chronic but it was intensifying in scope. Because of the continued pain and limited strength and mobility Pamela's Doctor ordered X-rays of the left knee. After reviewing the X-ray her Doctor referred her to an orthopedic surgeon.

17. It appears the injury to Pamela's left knee will require surgery to repair the damage incurred in the accident.

18.  Pamela now has permanent loss of mobility and ongoing pain and suffering.

19. All conditions precedent to the filing of this action have been met, satisfied or otherwise been waived.

20. As a consequence of Defendant's negligence and conduct, the Plaintiffs has been forced to file this lawsuit in order protect their rights and seek the remedies alleged herein.

21. Plaintiffs are informed and believe, and thereupon allege, that on or about the above-referenced date and place, Defendants, and each of them, owed a duty of care to plaintiffs to keep the Subject Premises in a safe condition by, inter alia, providing a warning regarding the dangerous condition or preventing/curing/removing the dangerous condition.

22. Plaintiffs are informed and believe, and thereupon allege, that on or about the above-referenced date and place, Defendants, and each of them, owed a duty of care to plaintiffs because they owned, leased, rented, occupied, possessed, designed, constructed, developed, landscaped, operated, inspected, repaired, maintained, modified, managed, controlled, and/or supervised, the Subject Premises, and they furthermore permitted or created the dangerous condition.

23. Plaintiffs are informed and believe and thereupon Defendants acted in a careless and negligent fashion in that Defendants knew or should have known of

the dangerous condition on the Subject Premises that caused the accident, and because Defendants failed to take reasonable steps to eliminate the unreasonable risk of harm or keep the premises in a safe condition.

24. Plaintiffs allege that on or about the above-referenced date and place, Defendants, also owed a duty of care to plaintiffs by undertaking the task of removing, fixing and/or curing the dangerous condition and/or pursuant to special relationship existing between Pamela and the Defendants.

25. Plaintiffs are informed and believe, and thereupon allege that Defendants, breached the above mentioned duty of care because they negligently and carelessly owned, leased, rented, occupied, possessed, designed, constructed, developed, landscaped, operated, inspected, repaired, maintained, modified, managed, controlled and/or supervised the subject premises, permitted or created the dangerous condition, increased the risk of harm or created a false sense of safety (i.e., reliance on the undertaking) at the Subject Premises so as to cause Pamela to encounter a dangerous and deceptive condition causing her to fall, and thereby directly causing the injuries and damages to Pamela as described

26. Pamela also relied on the acts/omissions of the defendants, and each of them, to her detriment.

27. As a direct result of the conduct of the Defendants, and each of them, Pamela was hurt and injured in her health, strength and activity, sustaining injuries to her body and shock and injury to her nervous system and person, all of which said injuries have caused and continue to cause the plaintiff great physical, mental and nervous pain and suffering. Plaintiff is informed and believes, and thereupon alleges, that said injuries will result in some permanent disability to her, all to her general damage in an amount which will be stated according to proof at the time of trial.

28. As a direct result of the conduct of the Defendants,  Pamela was compelled to and did employ the services of hospitals, physicians, surgeons, nurses and the like, to care for and treat her, and did incur hospital medical, professional and incidental expenses, and Pamela  is informed and believes, and thereupon alleges, that by reason of her injuries she will necessarily incur additional like expenses for an indefinite period of time in the future, the exact amount of such expenses will be stated according to proof at the time of trial.

29. As a further proximate result of the negligence of Defendants as alleged herein Pamela has incurred, and will incur, loss of income, wages, property damage, and other pecuniary losses, the full nature, extent and amount of which

are not yet known to Plaintiff, the exact amount of such expenses will be stated according to proof at the time of trial.

30. As a result of the acts and/or omissions of the Defendants, and each of them, as hereinafter alleged, Pamela was caused to fall due to the dangerous nature of a flower bed located on the Subject Premises, thereby causing her to sustain the injuries and damages complained of herein.

31. Plaintiffs are informed and believe that at all times mentioned herein, defendants and Does 1 through 100, and each of them, owned, leased, rented, occupied, possessed, designed, constructed, developed, landscaped, operated, inspected, repaired, maintained, modified, managed, controlled, supervised, At all times mentioned herein, Plaintiffs were lawfully on the Subject Premises and were unable to foresee or prevent the impending injury.

32. As a direct and proximate result of the negligence of Defendants, Plaintiff suffered severe and permanent injuries, has incurred medical and rehabilitative expenses, and has suffered mental and emotional distress.

## COUNT II

### (Negligence - Failure to Warn)

33. Plaintiffs reallege and incorporate by reference all of the allegations

contained in the preceding paragraphs as though fully set forth herein.

34. Defendants negligently failed to provide an adequate warning of the hazardous condition in the Pool Area on the Subject Premises despite Defendant's actual or constructive knowledge and/or notice of said condition, thereby allowing an unreasonably dangerous condition to exist on the Subject Premises.

35. As a direct and proximate result of said negligence, Pamela sustained injuries and damages as alleged herein.

## COUNT III

### (Strict Liability)

36. Plaintiffs reallege and incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth herein.

37. Defendants owns, leases or operates the Subject Premises. Moreover, the Pool Area is an inherently dangerous premise.

38. Defendants are strictly liable to Plaintiffs, pursuant to Haw. Rev. Stat. § 663-9, for injuries and damages as alleged herein, and sustained as a result of the accident on the Subject Premises.

## COUNT IV

### (Loss of Consortium)

39. Plaintiffs reallege and incorporate by reference all of the allegations

contained in the Complaint as though fully set forth herein.

40. Patrick, as the husband of Pamela, has suffered the loss of love, affection, solace, comfort, companionship, society and emotional support of that she would have rendered him except for the extent of her injuries.

41. Patrick alleges that his damages as stated above are a direct and proximate result of the acts of Defendants and/or their agents and/or employees.

### COUNT V

**(Doe Defendants)**

42. Plaintiffs reallege and incorporates by reference all of the allegations contained in the Complaint as though fully set forth herein.

43. DOE DEFENDANTS are persons or entities whose wrongful acts and/or omissions in some way proximately caused or contributed to Plaintiffs' injuries and damages in ways presently unknown to Plaintiffs.

44. DOE DEFENDANTS are vicariously liable for the negligence of their agents and/or employees through the doctrine of respondeat superior.

### DEMAND FOR JURY TRIAL

Pursuant to *Fed.R.Civ.P.* 38, Plaintiffs demands a jury trial as to all issues so triable by right of a jury.

**WHEREFORE,** Plaintiffs demand judgment against Defendants, jointly and severally, for general and special damages in amounts that will be proven at trial, and for their costs, interest from the date of the incident, reasonable attorneys' fees, and such other relief as the court deems just and proper.  Plaintiffs contend that the amount of their damages as alleged is in an amount exceeding $75,000.00 and therefore falls within the jurisdictional requirements of this court.

DATED: 3-22-2016

Pamela A. Sweeney, Pro Se

Patrick S. Sweeney, Pro Se