Of Counsel:
FUKUNAGA MATAYOSHI CHING & KON-HERRERA LLP

WESLEY H. H. CHING    2896
SHEREE KON-HERRERA    6927
841 Bishop Street, Suite 1200
Honolulu, Hawaii 96813
Telephone: (808) 533-4300
Facsimile: (808) 531-7585
Email:    whc@fmhc-law.com
        skh@fmhc-law.com

Attorneys for Defendant
HYATT CORPORATION dba GRAND HYATT
KAUAI RESORT & SPA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PAMELA A. SWEENEY and PATRICK S. SWEENEY,<br><br>    Plaintiffs,<br><br>vs.<br><br>HYATT CORPORATION dba GRAND HYATT KAUAI RESORT & SPA, JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10,<br><br>    Defendants. | CV NO. 16-00143 LEK-KJM<br><br>DEFENDANT HYATT CORPORATION dba GRAND HYATT KAUAI RESORT & SPA'S ANSWER TO COMPLAINT FILED ON MARCH 24, 2016; DEMAND FOR JURY TRIAL; CERTIFICATE OF SERVICE |

# DEFENDANT HYATT CORPORATION dba GRAND HYATT KAUAI RESORT & SPA'S ANSWER TO COMPLAINT FILED ON MARCH 24, 2016

Defendant HYATT CORPORATION dba GRAND HYATT KAUAI RESORT & SPA ("Hyatt"), by and through its attorneys, Fukunaga Matayoshi Ching & Kon-Herrera LLP, for an answer to the Complaint filed by Plaintiffs PAMELA A. SWEENEY and PATRICK S. SWEENEY ("Plaintiffs") in the above-entitled case alleges and avers as follows:

## FIRST DEFENSE

1. The Complaint fails to state a claim against Hyatt upon which relief can be granted.

## SECOND DEFENSE

2. Hyatt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

3. In answer to paragraph 2 of the Complaint, Hyatt states it is a business entity doing business in the State of Hawaii, located in Koloa, Hawaii, denies that it is a citizen of Illinois, but states that it is a corporation organized in the State of Delaware and qualified to do business in the State of Hawaii.

4. In answer paragraph 3 of the Complaint, Hyatt states that the statutes speak for themselves and whether jurisdiction and venue are proper is for the court to determine.

5. Hyatt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 4, 8, 10, 11, 12, 13, 14, 16, 17, 18, 27, 28, 29, 31, 43 and 44 of the Complaint and therefore denies same and leaves Plaintiff to their proof.

6. In answer to paragraph 5 of the Complaint, Hyatt admits it operates the Grand Hyatt Kauai Resort and Spa in Koloa, County of Kauai, State of Hawaii, but denies the remaining allegations in said paragraph.

7. In answer to paragraphs 6 and 7 of the Complaint, Hyatt admits it maintains certain premises of Grand Hyatt Kauai Resort and Spa, but denies the remaining allegations in said paragraph.

8. Hyatt admits the allegations contained in paragraphs 9 and 15 of the Complaint.

9. Hyatt denies the allegations contained in paragraphs 19, 20, 22, 23, 24, 25, 26, 30, 32, 34, 35, 37, 38, 40, and 41 of the Complaint.

10. In answer to paragraph 21 of the Complaint, Hyatt states that the subject premises on the subject date were in a safe and reasonable condition for its guests and denies the remaining allegations in said paragraph.

11. In answer to paragraphs 33, 36, 39, and 42 of the Complaint, Hyatt realleges and incorporates by reference its answers to the preceding allegations in said paragraphs.

12. Hyatt denies any allegations not answered hereinabove.

THIRD DEFENSE

13. Plaintiffs have failed to name necessary and indispensable parties to this action.

FOURTH DEFENSE

14. The claims for relief in the Complaint are barred by the defense of contributory and/or comparative negligence of the Plaintiff.

FIFTH DEFENSE

15. If Plaintiffs sustained any injuries or incurred any damages as alleged in the Complaint, then Plaintiffs assumed the risk of such injuries and damages and such voluntary assumption of the risk was the proximate cause of such injuries and damages and bars any recovery in this action.

SIXTH DEFENSE

16. If Plaintiffs sustained any injuries or incurred any damages as alleged in the Complaint, such injuries and damages were caused in whole or in part or were contributed by the negligence of Plaintiffs, thereby reducing or barring any recovery by Plaintiff in this action pursuant to Section 663-31, Hawaii Revised Statutes.

## SEVENTH DEFENSE

17. Hyatt did not owe any duty to Plaintiffs, and even assuming such a duty existed, Hyatt did not breach said duty.

## EIGHTH DEFENSE

18. The alleged fault or misconduct of Hyatt was not a proximate cause of or a substantial factor in causing Plaintiffs' injuries or damages as alleged in the Complaint.

## NINTH DEFENSE

19. Hyatt affirmatively alleges that Plaintiffs' claims, in whole or in part, are barred by the equitable doctrines of waiver, estoppel, laches and/or unclean hands.

## TENTH DEFENSE

20. If Plaintiffs received any injuries or incurred any damages as alleged in the Complaint, such were caused by natural or unavoidable conditions or occurrences beyond the control of Hyatt, or by others.

## ELEVENTH DEFENSE

21. If Plaintiffs received any injuries or incurred any damages as alleged in the Complaint, such injuries and damages were not reasonably foreseeable by Hyatt.

## TWELFTH DEFENSE

22. Plaintiffs have failed to mitigate their damages.

## THIRTEENTH DEFENSE

23. Plaintiffs' claims are barred as against Hyatt by Plaintiffs' failure to provide timely notice of any dangerous or unsafe conditions near the Pool area where she fell.

## FOURTEENTH DEFENSE

24. Hyatt gives notice that it intends to rely on the defenses of improper and defective process and/or service of process.

## FIFTEENTH DEFENSE

25. The "subject premises" in which the Plaintiffs' alleged accident occurred, if it is proven to be a dangerous and/or otherwise hazardous area, was open and obvious, and Plaintiffs' failure to notice, appreciate or recognize such danger and/or hazard was the sole or contributing cause of Plaintiffs injuries and accordingly, Plaintiff are barred, in whole or in part, from recovery herein.

## SIXTEENTH DEFENSE

26. The condition of the "subject premises" where Plaintiffs allegedly tripped and fell met all applicable building and safety codes of the County of Kauai, State of Hawaii.

SEVENTEENTH DEFENSE

27. The condition of the "subject premises" where Plaintiffs allegedly stepped into a hotel and fell did not pose an unreasonable risk of harm to persons exercising due care in using the area by the Pool.

EIGHTEENTH DEFENSE

28. Hyatt intends to rely on any and all other affirmative defenses, the applicability of which may be disclosed after further investigation and/or discovery.

NINETEENTH DEFENSE

29. Hyatt gives notice that it intends to rely upon any other matter constituting an avoidance or affirmative defense as set forth in Rule 8(c) of the Hawaii Rules of Civil Procedures, and it intends to seek leave to amend its answer to allege those defenses of which it may become aware during the course of discovery or trial of this action.

WHEREFORE, Hyatt prays for relief as follows:

1. That Plaintiffs' Complaint against Hyatt be dismissed with prejudice and that it be awarded its attorneys' fees and costs.

2. That the Court award Hyatt such other and further relief as it deems just and equitable in the premises.

DATED: Honolulu, Hawaii, May 2, 2016.

   /s/ Wesley H. H. Ching
   WESLEY H. H. CHING
   SHEREE KON-HERRERA
   Attorneys for Defendant
   HYATT CORPORATION dba
   GRAND HYATT KAUAI RESORT & SPA